**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Richard Smith, Sr.,

                  Plaintiff,      Case No. 25-cv-13980

v.                          Judith E. Levy
                          United States District Judge

Regents of the University of
Michigan, *et al.*,        Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES
OR COSTS [44], GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT [13], DISMISSING THE
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT
<u>PLAINTIFF'S REMAINING MOTIONS [2, 3, 5, 15, 20, 45, 58]</u>**

Plaintiff Richard Smith, Sr. initiated this case on December 9,

2025. (ECF No. 1.) Plaintiff is self-represented or *pro se*. He filed an

Application to Proceed in District Court Without Prepaying Fees or

Costs—or to proceed *in forma pauperis*. (ECF No. 44.) He also filed a

motion for leave to file an amended complaint. (ECF No. 13.) Plaintiff

filed a number of other motions as well. (ECF Nos. 2, 3, 5, 15, 20, 45,

58.) For the reasons set forth below, the Court (1) grants Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 44), (2) grants Plaintiff's motion for leave to file an amended complaint (ECF No. 13), (3) dismisses the case without prejudice, and (4) denies as moot Plaintiff's remaining motions. (ECF Nos. 2, 3, 5, 15, 20, 45, 58.)

## I.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 44) is Granted

As noted, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 44.) Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1).

According to Plaintiff's application, he receives $298.00 in food stamps. (ECF No. 44, PageID.352.) Plaintiff fully supports his son, who receives $994.00 in Social Security Disability Insurance benefits. (*Id.* at PageID.352–353.) Plaintiff has $545.12 in cash or in a checking or savings account. (*Id.* at PageID.353.) He owns a 2007 Lincoln that is worth $1,500.00, and he has $4,855.23 in a 401(k). (*Id.*) Plaintiff

identifies the following monthly expenses: "Visa card $191.00, Loan $181.00, Capital one $76.00, CFNA $80.00, Car Insurance $90.00, Food $400.00, Gas $200.00, Car $500.00 repairs." (*Id.*) He identifies the following debts or financial obligations:

UMCU Visa $9,499.00

UMCU My choice loan $2,000.00

Capital One $2,941.00

Credit First $1,133.00

Car Fix it Amount According to Firestone $6,000.00+

(*Id.*)

Given Plaintiff's limited discretionary income, the Court finds that he satisfies the requirements under § 1915(a)(1). His application to proceed in this Court without prepaying fees or costs (ECF No. 44) is therefore granted.

## II. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 13) is Granted

Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 13.) He requests permission to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). Plaintiff's proposed amended complaint is filed in a separate docket entry. (ECF No. 14.)

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court finds that it is in the interests of justice to allow Plaintiff to amend the complaint. Because this case is still at an early stage, there will be no undue prejudice to the opposing parties. *See Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) (listing factors that courts may consider for a Rule 15(a)(2) motion). In fact, Plaintiff still had time to file an amended complaint under Federal Rule of Civil Procedure 15(a)(1) without seeking the Court's permission.[1] Accordingly, Plaintiff's motion for leave to file an amended complaint (ECF No. 13) is granted. Plaintiff's proposed amended complaint (ECF No. 14), which was filed on January 7, 2026, is now the operative complaint.

## III. The Case is Dismissed Without Prejudice

Because the Court granted Plaintiff permission to proceed without prepaying the fees or costs for this litigation, the Court must screen the

---

[1] Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A). Here, there is no indication on the docket that service of the complaint has been completed.

complaint under 28 U.S.C. § 1915(e)(2)(B). The Court finds that the case must be dismissed under that provision.

## A. Legal Standard

Section 1915(e)(2)(B) states that

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * *

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief ageainst a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 31–34 (1992).

To state a claim on which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, "a complaint must contain sufficient

5

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This pleading standard does not require "detailed factual allegations," *id.*, but it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

6

Courts hold a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) ("As a pro se litigant, [the plaintiff] is entitled to a liberal construction of her pleadings." (citing *Haines*, 404 U.S. at 520–21)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "Nor does it require [a court] 'to conjure allegations on a litigant's behalf' or 'guess at the nature of the claim asserted.'" *Id.* (quoting *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells*, 891 F.2d at 594).

## B. Discussion

In his complaint, Plaintiff indicates that he is suing the following Defendants: the Regents of the University of Michigan; the State of Michigan; Washtenaw County; Jerome W. Zimmer Jr. (identified as

7

"Chief Clerk of the Michigan Court of Appeals"); Patricia A. Murray (identified as "District Clerk of the Michigan Court of Appeals"); Stephen L. Borrello (identified as "Chief Judge Pro Tem"); Stephen Brown (identified as "Judge Michigan Unemployment"); Julia B. Owdziej (identified as "Circuit Court Judge"); Kevin Kales (identified as "Michigan Workers' Compensation Magistrate"); the Sisters of Charity Hospital in Buffalo, New York; Paula Feroleto (identified as "New York State Supreme Court" Justice); and the State of New York. (ECF No. 14, PageID.186–188.) The individual Defendants are sued in an official capacity. (*Id.*) Plaintiff also sues The Sam Bernstein Law Firm, PLLC; Finkelstein & Partners, LLP; and "Fine, Olin and Anderman."[2] (ECF No. 61, PageID.679.)

---

[2] In a document filed on March 23, 2026 that is titled "Amendment to Complaint – Addition of Defendants," Plaintiff seeks to name these three law firms as additional Defendants under Rule 15(a)(2). (ECF No. 61.) The document is not labeled as a motion, and Plaintiff's filing does not contain a proposed amended complaint. *See* E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

In light of Plaintiff's *pro se* status, however, the Court construes Plaintiff's submission (ECF No. 61) as a motion to amend the complaint. *See* E.D. Mich. LR 15.1 ("Failure to comply with . . . Rule [15.1] is not grounds for denial of the motion."). As noted above, Rule 15(a)(2) provides that "[t]he court should freely give

This case appears to arise from events involving a case Plaintiff brought in the Michigan Court of Appeals as well as a lawsuit he filed in July 2021 in an unspecified court in Buffalo, New York. With respect to the Michigan Court of Appeals case, Plaintiff alleges that that court improperly dismissed his case on December 9, 2025. (ECF No. 14, PageID.188.) Plaintiff states that the Michigan Court of Appeals (1) "dismissed the appeal sua sponte before Plaintiff's statutory 21-day response period under MCR 7.211(C)(2)(c) expired," (2) "failed to respond" to Plaintiff's request for "oral argument under MCR 7.311(E)," (3) denied Plaintiff "meaningful notice and opportunity to be heard," (4) did not provide "Plaintiff [with] requested ADA [Americans with Disabilities Act] accommodations," and (5) discriminated against Plaintiff "as a pro se litigant and as an individual with disabilities." (ECF No. 14, PageID.188; *see id.* at PageID.190 ("Michigan officials

leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The proposed amendment and its timing are unlikely to prejudice the rights of the other parties in the case. *See Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). Moreover, the Court finds that allowing Plaintiff to amend the complaint to add the three law firms as Defendants does not change the outcome of the case; regardless of whether the Court gives Plaintiff permission to amend the complaint in this way, the outcome of the case is the same. Therefore, the Court grants Plaintiff's request to amend the complaint to name as Defendants The Sam Bernstein Law Firm, PLLC; Finkelstein & Partners, LLP; and "Fine, Olin and Anderman." (ECF No. 61, PageID.679.)

dismissed Plaintiff's appeal prematurely, without notice, and without ADA accommodations.").)

Regarding the New York case, Plaintiff alleges that he "has not been permitted to attend hearings, conferences, or participate meaningfully in the case." (*Id.* at PageID.188.) He states that he "attended only one deposition." (*Id.*) Plaintiff alleges that (1) "Sisters of Charity, a religious-affiliated entity, influenced or benefitted from judicial processes in a manner that deprived Plaintiff of due process and equal protection," (2) "Justice Paula Feroleto, in her administrative and judicial capacities, failed to ensure Plaintiff's access to the courts, resulting in an ongoing deprivation of constitutional rights," and (3) "the State of New York failed to provide ADA accommodations and failed to ensure Plaintiff's access to judicial proceedings." (*Id.* at PageID.188–189; *see id.* at PageID.190.)

Plaintiff alleges that "actions by Michigan and New York defendants form a continuous chain of events that prevented Plaintiff from being heard in any forum since 2021." (*Id.* at PageID.189; *see id.* at PageID.190–191.) He alleges that he and his minor son were discriminated against, "including denial of access to courts, denial of

10

ADA accommodations, and unequal treatment." (*Id.* at PageID.189.) Plaintiff alleges that "the combined actions of all defendants resulted in a multi-state deprivation of due process, equal protection, and access to the courts." (*Id.*) Plaintiff also alleges that "the involvement of a religious-affiliated hospital (Sisters of Charity) in state judicial processes raises constitutional concerns under the Establishment Clause and separation of church and state." (*Id.*)

Plaintiff presents the following claims in his complaint, for which he seeks declaratory and injunctive relief as well as costs (*id.* at PageID.186, 189, 191):

**Count I – Procedural Due Process (14th Amendment, [42 U.S.C.] § 1983)**

Against all defendants involved in judicial or administrative actions.

**Count II – Equal Protection / Access to Courts (§ 1983)**

Against all defendants.

**Count III – ADA Title II Violations**

Against Michigan and New York state actors.

11

**Count IV – Establishment Clause / Separation of Church and State**

Against Sisters of Charity and state actors alleged to have acted jointly.

**Count V – Declaratory Relief**

Against all defendants.

*\* \* \**

**Count VI[ ] – Injunctive Relief (Prospective)**

Against:

- Michigan Court of Appeals officials

- Justice Paula Feroleto (official capacity)

- State of Michigan

- State of New York

- Washtenaw County

(*Id.* at PageID.189, 191 (emphasis in original).)

Plaintiff's complaint fails to state a claim. His claims lack factual and legal development. The complaint does not contain allegations that describe what each Defendant did (or did not do) that violated his rights. The Court cannot speculate about which facts support which claims, what each Defendant did that makes them liable for the alleged

violations, or how the elements of each cause of action are satisfied. *See Wells*, 891 F.2d at 594. Because Plaintiff's complaint provides only a list of claims without any factual or legal development, it fails to state a claim on which relief may be granted—even if the Court construes the complaint liberally. The allegations that appear in other parts of the complaint are also insufficient to state a claim, given that they consist of general assertions of legal conclusions or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678; *see Robards v. Slatery*, No. 24-6140, 2025 WL 3881324, at *2 (6th Cir. July 7, 2025) ("Overly general and conclusory allegations are insufficient to state a claim for relief." (citing *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024); *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013))). Moreover, the complaint's lack of factual and legal development makes it so that the complaint does not give Defendants fair notice of the claims. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).

In sum, Plaintiff's complaint fails to state a claim. Accordingly, the case is dismissed without prejudice under § 1915(e)(2)(B).

## IV.  Plaintiff's Remaining Motions (ECF Nos. 2, 3, 5, 15, 20, 45, 58) are Denied as Moot

Because the case is dismissed, Plaintiff's remaining motions (ECF Nos. 2, 3, 5, 15, 20, 45, 58) are denied as moot.

## V.  Conclusion

For the reasons set forth above, the Court (1) grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 44), (2) grants Plaintiff's motion for leave to file an amended complaint (ECF No. 13), (3) dismisses the case without prejudice, and (4) denies as moot Plaintiff's remaining motions. (ECF Nos. 2, 3, 5, 15, 20, 45, 58.)

IT IS SO ORDERED.

Dated: April 15, 2026       s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

                            s/William Barkholz
                            WILLIAM BARKHOLZ
                            Case Manager